# FORM A

**CIVIL RIGHTS COMPLAINT TO BE USED BY A *PRO SE* PRISONER
UNDER 42 U.S.C. § 1983 or
UNDER *BIVENS V. SIX UNKNOWN FED. NARCOTICS AGENTS***

Rev. 10/10

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY**

FILED
JAMES J. VILT, JR. - CLERK
SEP 18 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

JACKIE WAYNE STONE

_____

(Full name of the Plaintiff(s) in this action)

v.

ANGEL M. Call
BARRY T. SMITH

_____

_____

(Full name of the Defendant(s) in this action)

CIVIL ACTION NO. 1:23-cv-119-JHM
(To be supplied by the clerk)

( ) DEMAND FOR JURY TRIAL

( ) NO JURY TRIAL DEMAND
(Check only one)

## I. PARTIES

(A) **Plaintiff(s)**. Place the full name of the Plaintiff in the first blank below, his/her place of confinement, address, and status. Repeat this procedure for each additional Plaintiff named, if any.

(1) Name of Plaintiff: JACKIE WAYNE STONE

Place of Confinement: LEE ADJUSTMENT CENTER

Address: 168 LEE ADJUSTMENT CENTER DRIVE, BEATTYVILLE KY 41311

Status of Plaintiff: CONVICTED (X)   PRETRIAL DETAINEE ( )

(2) Name of Plaintiff: _____

Place of Confinement: _____

Address: _____

Status of Plaintiff: CONVICTED (__) PRETRIAL DETAINEE (__)

(3) Name of Plaintiff: _____

Place of Confinement: _____

Address: _____

Status of Plaintiff: CONVICTED (__) PRETRIAL DETAINEE (__)

**(B) Defendant(s).** Place the full name of the Defendant in the first blank below, his/her official position title in the second blank, and his/her place of employment in the third blank. Mark the capacity in which the Defendant is being sued. Repeat this procedure for each additional Defendant named, if any.

(1) Defendant ANGELA M. Call is employed as ASSIST. PROSECUTOR at TAYLOR COUNTY.

The Defendant is being sued in his/her (X) individual and/or (X) official capacity.

(2) Defendant BARRY T. SMITH is employed as Judge/EXECUTIVE TAYLOR COUNTY at TAYLOR COUNTY KENTUCKY

The Defendant is being sued in his/her (X) individual and/or (X) official capacity.

(3) Defendant _____ is employed as _____ at _____.

The Defendant is being sued in his/her (__) individual and/or (__) official capacity.

(4) Defendant _____ is employed as _____ at _____.

The Defendant is being sued in his/her (__) individual and/or (__) official capacity.

2

### III.    STATEMENT OF CLAIM(S)

State here the FACTS of your case. State how you believe your constitutional rights were violated. Describe how each Defendant violated your rights. And set forth the dates on which each event took place. Do not make legal arguments or cite cases or statutes. However, identify the constitutional right(s) you allege was/were violated. If you intend to assert multiple claims, number and set forth each claim in separate paragraphs.

SEE ATTACHMENT: INTRODUCTION, CIVIL ~~~~
PAGES (1-8)

IV. **RELIEF**

State exactly what you want the Court to do for you. (If you seek relief which affects the fact or duration of your imprisonment (for example: release from illegal detention, restoration of good time, expungement of records, release on parole), you must also file your claim under 28 U.S.C. §§ 2241, 2254 or 2255.) The Plaintiff(s) want(s) the Court to:

_X_ award money damages in the amount of $ 1,000,000.00

_X_ grant injunctive relief by IMMEDIATE RELEASE AND 1,000.00 DOLLARS A DAY FOR EVERYDAY INCARCERATED

_X_ award punitive damages in the amount of $ 1,000,000.00

____ other: _____

V. **DECLARATION UNDER PENALTY OF PERJURY**
(each Plaintiff must sign for him/herself)

I, the undersigned, declare under penalty of perjury that the information contained in this document is true and correct.

This _11_ day of _SEPTEMBER_, 20_23_

_JACKIE WAYNE STONE_
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)

_____
(Signature of additional Plaintiff)

I hereby certify that a copy of this complaint was delivered to the prisoner mail system for mailing on _SEPT, 11-2023_.

_Jackie Wayne Stone_
(Signature)

6



## I. INTRODUCTION COMPLAINT, CIVIL,

1) Plaintiff, Jackie Wayne Stone, is and was at all times a defendant in case no: 21-CR-00247-01 in Taylor County, Kentucky.

2) As more specifically set fort below, Defendants Angela M. Call, knowingly and knowlodgely and wilfully, allowed perjury to take place and not correct the perjury testimony her failure to correct and allow this, and the broken chain of custody in which defendants misconducts abused the judicial process and deprived plaintiff of rights to a fair trail as well defendant mistaken plaintiff identity for someone else for the first four months of court proceedings plaintiffs constitutional rights was violated by defendant, of defendant free will, knowlodgely allowed such violation to occure the misconduct of the defendant Angela M. Call was a direct and forseeable consequence of the failure of defendant Taylor County, Kentucky, to enforce polices and procedures and Law. Defendants Abuse of Authority, Power to inflict punishment upon other is wantonly cruel, grossly negligent, malice, malicious and negligent.

3) It is the purpose of this action to recover damages by plaintiff because of defendants" misconducts and punitive damages to punish defendants misconducts and forever deter its repetition.

## II. JURISDICTION AND VENUE

4) Plaintiff seeks damages from defendants under the Civil Rights Act of 1871, 42 U.S.C. § 1983 for gross and unconscionable violation of the rights, privileges and immunities guaranteed plaintiff by the Constitution of the United States. Accordingly, this court has jurisdiction of this case pursuant to the

PROVISIONS OF 28 U.S.C § 1983 and 1343. Plaintiff also seeks damages under State Law Claims for Defendants, wantonly negligence, gross negligence, malice, malicious, abusive cruel and intentional infliction and unethical misconducts, towards Plaintiff. Taylor County, Kentucky, location of all the acts pertinent to this suite, and venue is therefore proper in this court.

### III. PARTIES

5) Plaintiff currently resides in Beattyville Kentucky, address being 168 Lee Adjustment Center Drive Beattyville, Kentucky 41311.

6) Defendant, Taylor County, at all times mentioned herein employed, was responsible for the establishment of policies either formally or by custom for, and was responsible for the supervision and to enforce policies and procedures and conduct of Defendant. Angela M. Call

7) Defendant, Taylor County, Judge/Executive Barry T. Smith, Courthouse, 203 N. Court Ste 4 Campbellsville Kentucky 42718-1376

8) Defendant, Angela M. Call Office of the Taylor County Attorney, P.O. Box 217, Campbellsville Kentucky 42718.

### IV. NATURE OF DEFENDANTS CONDUCT

9) Defendants engaged in the conduct described below under the color of law of the Commonwealth of Kentucky and Taylor County. Defendants knowingly participated or contributed to and incouraged, implicitly, authorized, or approved the conduct described below. The misconduct complainted herein resulted from, among other things, the failure of Defendant Taylor County to supervise train, the conduct of Defendant Angela M. Call assist prosecutor and is employeed by Taylor County, Kentucky properly or conscientiously. Plaintiffs, Fourteeth, Eight, Fourth, Amendment was violated and was a direct result of Defendant Taylor County, failure to properly or conscientiously, train and supervise the conduct of his subordinates, and

THE FIALURE OF DEFENDANT TAYLOR COUNTY JUDGE/EXECUTIVE BARRY T. SMITH TO PROMULGATE APPROPRIATE OPERATING POLICIES AND PROCEDURES EITHER FORMALLY OR BY CUSTOM OF TO ENFORCE EXISTING POLICIES TO PROTECT THE CONSTITUTIONAL AND COMMON LAW RIGHTS, AND JUSTIFIES AN AWARD OF PUNITIVE DAMAGES IN ADDITION TO THE DAMAGES HE IS INTITLED TO RECOVER

## V. FACTS

10) DEFENDANT MISTAKEN PLAINTIFF IDENTITY FOR THE FIRST FOUR MONTHS OF COURT PROCEEDING PLAINTIFF HAD TO NOTIFY THE JUDGE TO HAVE THIS CORRECTED AND ON JANUARY, 14TH 2022 ALLOWED PERJURY AND BROKEN CHAIN OF CUSTODY TO TAKE PLACE AT A SUPRESSION HEARING KNOWLODGELY AND KNOWING THE CONTENTS, INFORMATION OF THE CASE AT HAND DEFENDANTS REFUSEL TO CORRECT AND USE PERJURY FOR THE PURPOSE OF AN CONVICTION AND AS WELL THE BROKEN CHAIN OF CUSTODY AT NO TIME DID DEFENDANT CORRECT OR BRING TO FOR THE PROPER JUDICIAL PROCEEDINGS; IN WHICH PLAINTIFF WAS DEPRIVIDE OF HIS CONSTITIONAL RIGHTS WITH TOTAL DISREGUARD TO THE LAW, LIFE, OR LIBERTY, AND SAFTY.

11) DEFENDANTS IMMUNITY IS UNAVAILABLE FORE THE FOREGOING REASONS (1) NEGLIGENCE IS ASTABLISHED BY (2) THE DEFENDANT BREACHED THE STANDARD BY WHICH HIS OR HER DUTY IS MEASURED (POTH WAYS, INC, V. HAMMONS, 113 S.W. 3d 85, 88 (KY 2003)

12) DEFENDANTS IMMUNITY IS UNAVAILABLE FORE THE FOREGOING REASONS (2) GROSS NEGLIGENCE (2) AN ADDITIONAL FINDING THAT THIS NEGLIGENCE WAS ACCOMPANIED BY WANTON OR RECKLESS DISREGUARD FOR THE LIFES, SAFTY, OR PROPERTY OF OTHERS (GIBSON V. FUEL TRANSP, INC 410 S.W. 3d 56, 59 (KY 2013) STATED ANOTHER WAY THERE MUST BE AN ELEMENT EITHER OF MALICE OR WILLFULNESS OF SUCH AN UTTER DISREGUARD OF THE RIGHTS OF OTHERS AS A FORM IN WHICH IT MAY BE ASSUMED THE ACT WAS MALICIOUS OR WILFUL," CITY OF MIDDLESBORO V. BROWN 63 S.W. 3d 179, 181 (KY 2001)

13) IN MARTHON V. O'DANIEL, 507 S.W. 3d 1 (KY 2016) THE SUPREAM COURT EXSPLAINED: ACTING WITH MALICE AND ACTING IN GOOD FAITH ARE MUTUALLY EXCLUSIVE... BUT IT IS ALSO A FACT THAT DEFEATS THE DEFENDANTS ASSERTION OF QUALIFIED OFFICAL IMMUNITY IS UNAVAILABLE TO PUBLIC OFFICERS WHO ACTED "WITH THE MALICIOUS INTENTION TO

(3)

cause a deprivation of constitutional rights or other injury..." (Yanero, 65 S.W. 3d at 523, Harlow v. Fitzgerald, 457 U.S. 800, 815, 102, S. Ct. 2727, 73 L. Ed. 2d 396 (1982)

In thus becomes apparent that the very same evidence establishes the eponymous element of a malicious prosecution action simultaneously negates the defense of official immunity. In simpler terms, if a plaintiff can prove that a police officer, attorney, or officer of the courts or government body that hold such official status acted with malice that officer has no immunity.

14). Defendant conduct was a direct result of the failure of Defendant Taylor County, Judge, Executive Barry T. Smith, to enact, supervise and/or enforce policies and procedures concerning, among other things, the appropriate supervision, policies and procedures.

15). Defendants conduct towards plaintiff was objectively, un reasonal, deliberately, indifferent and wantonly malicious, wantonly negligent, wantonly grossly negligent. Defendants conduct was a direct result of the failure of Defendant, Taylor County, to enact, supervise and/or to enforce policies, procedures and law concerning, among other things, and the appropriate procedures and supervision.

## VI. Cause of Action

### Count 1

### Defendants violation of plaintiffs rights under the, Fourth, Eight, and Fourteenth Amendment

16) By venue of the foregoing, Defendant under the color of common law and law of Kentucky Abuse the position of power, authority and trust.

(4)

17) THE DEFENDANTS CONDUCT WAS WANTONLY INTENTIONAL, RECKLESS, DELIBERATE, MALICIOUS and/OR OBJECTIVELY UNREASONAL, AND WAS INDICATIVE OF TOT/E DELIBERATE RECKLESSNESS and/OR UNRESONABLE INDIFFERENT TO PLAINTIFF'S CONSTITUTIONAL RIGHTS and THE RISK OF HARM BY SUCH CONDUCT.

18) PLAINTIFF WILL SHOW THAT DEFENDANTS ACTIONS TOWARDS PLAINTIFF, DEFENDANTS CONDUCT WAS A DIRECT RESULT OF TAYLOR COUNTY, KENTUCKY FAILURE TO ENACT, SUPERVISE and/OR ENFORCE POLICIES PROCEDURES COMMON LAW and KENTUCKY LAW, and SUCH WERE THE MOVING FORCE BEHIND PLAINTIFFS INJURIES and SUFFERINGS SUCH FAILURE AND WILLINGNESS and RECKLESSNESS and ABUSIVE USE OF POWER, and AUTHORITY OF POLICIES and PROCEDURES, COMMON LAW and KENTUCKY LAW IN WHICH CONSTITUTE an ARBITRARY USE OF GOVERNMENT POWER, and EVINCE A TOTAL, INTENTIONAL, DELIBERATE and OBJECTIVELY UNREASONABLE DISREGUARD FOR and INDIFFERENCE TO THE HEALTH, SAFTY, WELL BEING, and CONSTITUTIONAL and COMMON LAW RIGHTS OF THE PLAINTIFF and VIOLATION OF THOSE RIGHTS THAT WOULD FORESEEABLY FROM THE REGULAR and SYSTEMATIC PURSUIT OF SUCH ACTIONS.

19) PLAINTIFF'S INJURIES, DAMAGES, and DEPRIVATION ARE A DIRECT RESULT OF THE FAILURE OF DEFENDANT TAYLOR COUNTY TO PROMULGATE POLICIES, PROCEDURES, COMMON LAW, KENTUCKY LAW and SUPERVISE, OVERSEE, and ENFORCE EXISTING POLICIES, PROCEDURES, COMMON LAW and KENTUCKY LAW.

20). AS A RESULT OF THE FOREGOING, PLAINTIFF, THROUGH DEFENDANTS INTENTIONAL, OBJECTIVE, UNREASONABLE, DELIBRATE, INDIFFERENT, RECKLESSNESS, GROSS NEGLIGENCE, and MALICIOUS CONDUCT, WAS SUBJECTED TO CUREL and UNUSUAL PUNISHMENT, MENTAL ABUSE, and INJURED and WAS DEPRIVED, and WITHOUT DUE PROCESS OF LAW, and IN VIOLATION OF THE SECOND, FOURTH, EIGHT and FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES and THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. §1983.

## COUNT 2

THE INDIVIDUAL DEFENDANTS, WANTONLY, RECKLESSNESS GROSS NEGLIGENCE, MALICE, MALICIOUSLY COMMITTED CONDUCTS IN WHICH VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS BY (MALICIOUS, MALICE PROSECUTION CRIMINAL) (ABUSE OF CIVIL PROCESS)

(5)

21) BY VIRTUE OF THE FOREGOING, THE INDIVIDUAL DEFENDANT NAMED above WERE WANTONLY, RECKLESS, MALICIOUS, NEGLIGENT, GROSSLY NEGLIGENT FOR MALICIOUS PROSECUTION, AND BREACH OF duty.

## PROSECUTORIAL MISCONDUCT/MALICIOUS PROSECUTION
### [MALICIOUS PROSECUTION]
### [ELEMENTS]

A) THE INSTITUTION OF CIVIL PROCEEDING

B) BY THE PLAINTIFF

C) THE TERMINATION OF SUCH PROCEEDINGS IN THE defendant favor

D) MALICE IN THE INSTITUTION OF SUCH PROCEEDINGS

F) THE SUFFERING OF and damages as a RESULT OF THE PROSECUTOR

THESE ELEMENTS APPLY TO BOTH CRIMINAL MALICIOUS PROSECUTION and abuse of CIVIL PROCESS.

THAT A PROSECUTOR SUPRESSION OF IMPEACHMENT EVIDENCE IS UNCONSTITUTIONAL IF IT RESULT IN THE denial OF A fair TRAIL and CAUSE THE REVIEWING COURT TO HAVE a lack OF CONFIDENCE IN THE TRAIL'S outcome, Id. AT 678; SEE also PENNSYlvania V. RITCHIE, 480 U.S. 39, 57, 107 S.CT. 989, 94 L. Ed. 2d 40 (1987) also SEE MARTIN V. O'Daniel 507 S.W. 3d 1, 11-12 (KY. 2016)

22) PROSECUTORIAL MISCONDUCT [Cullateral Estoppel]

THE PROSECUTOR breached HER duty TO CORRECT PERJURY TESTIMONY. THE failure of THE PROSECUTOR TO CORRECT PERJURY SEE UNITED STATES V. LOCHMONDY, 890 F. 2d 817, 822. (6TH CIR 1998) SUPPORTING CASE FOR PERJURY. THE PROSECUTOR FAILURE TO CORRECT PERJURY TESTIMONY at TRAIL; ESTABLISHING PROSECUTORIAL MISCONDUCTS. (1) THE STATEMENT WAS ACTUAL FALSE (2) THE STATEMENT WAS METERIAl, and (3) THE PROSECUTOR KNEW IT WAS FALSE. AN EXCEPTION TO THE ABOVE IS WHERE THE CONVICTION WAS obtained by fraud, CURRUPTION, OR PERJURY, TAYLOR V. NOHALTY, KY. 404 S.W. 2d 448 (1966)

23) By virtue of the foregoing, the individual Defendant Angela M. Call was wantonly negligent, grossly negligent, malice, maliciously intentional actions towards Plaintiff.

## Count 3

24) Defendant Taylor County Barry T. Smith was wantonly negligent, wantonly negligent for failure to supervise Defendant Angela M. Call to properly follow policies and procedures either by common or by Kentucky Law due to Defendant Taylor County failure to supervise, oversee, and or among other things, to enact, supervise common law, Kentucky law policies, procedures should had know Defendant was unqualified to be in the position Defendant held when Plaintiff was injured, Defendants Taylor County, Judge Executive, Barry T. Smith and Defendant Angela M. Call allowed such incompetence and misconduct to take place. Defendants Taylor County, Judge/Executive Barry T. Smith and Defendant Angela M. Call were directly and indirectly responsible for injuries and their actions as state above.

## VII. Damages

25) As a direct and proximate cause of the foregoing, Plaintiff suffering and injury were unnecessary, preventable and unrelated to any legitimate governmental objective, and he is therefore entitled to recover for the wantonly and unnecessary physical and mental anguish, suffering he has endured and will endured also Defendants violation of Plaintiffs constitutional and common law rights, were wantonly cruel, malice, malicious, negligent, grossly negligent and evinced a totle and reckless disregard for his life and those rights, entitling Plaintiff to recover punitive damages from Defendants in order to deter such misconducts in the future

WEREFORE PLAINTIFF REQUEST A TRAIL by JURY and FUTHER REQUEST THAT HE be awarded Actual and PUNITIVE damages PRE- and POST-Judgement INTEREST and COSTS PURSUANT TO 42. U.S.C. § 1983, and all OTHER RELIEF TO WHICH THEY ARE ENTITLED UNDER LAW OR IN EQUITY.